UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LENNIE FULWOOD                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:14cv379-HTW-LRA

BONITA MOSELY                                                                                  DEFENDANT

### REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to Defendant's Motion to Dismiss or in the Alternative Transfer [7] and Petitioner's Request for Issuance of an Order [11]. Having considered the record in this matter, the undersigned recommends as follows.

Plaintiff is a federal inmate who was housed at the federal correctional facility in Yazoo City, Mississippi, until sometime in early 2014. Plaintiff is currently housed in Alabama. Plaintiff signed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, on December 30, 2013. [2]. However, for reasons which are not entirely clear, it was not filed until May 8, 2014. Plaintiff filed an objection to the manner in which his petition was handled [1], and asked that the filing date be adjusted. In support of his objection, Plaintiff submitted a receipt reflecting that his prison account was charged $5.00 for the filing fee on December 30, 2013. [1] at 3.

Defendant has moved to dismiss this action as filed in the wrong venue, or in the alternative, to transfer the case to the federal district court for the district in which Plaintiff is currently housed. Defendant correctly asserts that a Section 2241 petition must be filed where a prisoner is in custody. *See, e.g., Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In this case,

1

though, the Petition should have been filed while Petitioner was incarcerated in the Yazoo City facility.  Furthermore, pursuant to the mailbox rule, December 30, 2013, is the filing date.  "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.  *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).  Jurisdiction for Section 2241 purposes attaches upon the filing of the petition.  *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

Based on the foregoing, the undersigned recommends that Defendant's motion [7] be denied.  Once an Order concerning this report and recommendation is entered, Plaintiff's motion [11] should be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

RESPECTFULLY SUBMITTED, this the 23rd day of December, 2014.

/s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE