N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LENNIE FULWOOD, #20927-017                                    PETITIONER

V.                                    CIVIL ACTION NO. 3:14cv379-HTW-LRA

BONITA MOSELY, WARDEN                                      RESPONDENT

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Lennie Fulwood signed his petition for writ of habeas corpus pursuant to Title 28

U.S.C. § 2241 on December 30, 2013, and it was filed in this Court on May 8, 2014.[1]

The petition is now before the undersigned for report and recommendation.  When

Fulwood signed his petition, he was a federal prisoner incarcerated at the Federal

Correctional Center in Yazoo City, Mississippi, [FCC-Yazoo] having been convicted[2]

and sentenced on March 27, 2012, in the District Court of North Florida, Tallahassee

Division, in Cause Number 4:11cr12 [2, p. 1].  Fulwood was transferred to a Residential

Drug Abuse Treatment Program at a federal correctional facility in Talladega, Alabama,

after signing his petition.  After completing that program, he was transferred to a

community corrections facility in Tallahassee, Florida.

Fulwood claimed in this petition that his constitutional rights were violated

because the Bureau staff members at the FCC-Yazoo City wrongfully denied him the

---

[1]Section 2241(a) provides in pertinent part that "[w]rits of habeas corpus may be granted
by the Supreme Court, any justice thereof, the district courts and any circuit judge within their
respective jurisdictions." Section 2241(c)(3) states that a writ of habeas corpus may extend to a
prisoner "in custody in violation of the Constitution or laws or treaties of the United States."

[2]Fulwood's inmate profile shows that he was convicted of attempting to evade or defeat
tax reporting and received a 57 month sentence in 2012 [18-2, p. 2].

opportunity to participate in the Residential Drug Abuse Treatment Program (RDAP) there, and that participation would shorten his sentence.  He sought to be immediately transferred to a minimum security facility with the nearest RDAP enrollment date, placed at the top of the waiting list, and released upon his completion of the RDAP.  He also requested that the Bureau staff who violated his rights be sanctioned.

Respondent filed a response [18] confirming that Fulwood was transferred on March 24, 2015, to FCI Talladega, and on January 20, 2015, he completed the RDAP education requirements [18, p. 2].  He was transferred on that date to a community corrections facility in Tallahassee to complete the final RDAP requirements.  Taking judicial notice of the Bureau of Prisons website[3], which reflects that Fulwood was released on June 3, 2015, and noting that he has not provided this Court with a current address, the undersigned recommends that Fulwood's § 2241 petition, which sought entry into the RDAP, be dismissed for lack of a case or controversy.[4]  *See, e.g.*, FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap,* 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned.)

---

[3]*See* www.bop.gov/inmateloc/.

[4]Inasmuch as Fulwood has not maintained a current address with the Court, it would be a futile gesture to provide him an opportunity to advise the Court as to the existence of any collateral consequences.  However, he could still show such consequences by timely objection.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). A case becomes moot "when the issues presented are no longer alive or the parties lack a legally cognizable interest in the outcome." *Valentine v. Pearson*, No. 5:10cv160, 2011 WL 268716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-397 (1980).

Under the *Spencer* case, a petitioner does present an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration" — a "collateral consequence of the conviction"). 523 U.S. at 7. For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Fulwood was released from prison over nine months ago. He has not contacted the Court after his release or provided the Court with a free world address. He has not demonstrated to the Court that he has a continuing injury after his release, and he may have lost interest in pursuing his claims of

3

being denied enrollment in a residential drug abuse program due to the claims being moot.

Finally, because Fulwood has not submitted a current address to the Clerk and has not communicated with the Court since March 2, 2015 [#21], his petition is also subject to dismissal without prejudice for want of prosecution and failure to comply with the Local Rules.  See *McCullough v. Lynaugh*, 824 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)).  Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes.  "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

In light of the mootness of Fulwood's claims, as well as his failure to maintain a current address with the Clerk of the Court, the undersigned recommends that his Petition be dismissed without prejudice.  Alternatively, if Fulwood files a timely objection to this Report and Recommendation, providing a current address and showing why his claims are not moot, he should be allowed to proceed on the merits of his claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted, this the 28th day of April 2016.


___S/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE